**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00573-GPG

GREGORY CHAMBERS,

    Plaintiff

v.

ARCHIOCESAN HOUSING,
RON NEFZGER,
SANDRA MACHUCE,

    Defendants.

**ORDER OF DISMISSAL**

On March 20, 2015, Mr. Chambers, a resident of Denver, Colorado, filed *pro se* a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the court determined that Plaintiff's documents were deficient. In an order entered on March 24, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to cure the deficiencies if he wished to pursue his claims. (ECF No. 4). Specifically, Magistrate Judge Gallagher informed Plaintiff he needed to file a complete complaint, including the Jurisdiction and Claims for Relief sections, and he must provide address for all defendants. The Order specifically informed Mr. Chambers that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On April 21, 2015, instead of curing the deficiencies, Plaintiff filed a letter with the Court stating he would like to

add two additional names to his original complaint. (ECF No. 5). Along with the letter, Plaintiff attached the "Parties and Jurisdiction" page and the "Third Claim for Relief" page from the court-approved complaint form. (*Id.*) The letter and pages submitted did not constitute a complete Complaint.

Therefore, on April 23, 2015, the Court issued a Second Order Directing Plaintiff to Cure Deficiencies. (ECF No. 6). The Court noted that it appeared Plaintiff attempted to cure the deficiencies by filing specific pages from the court-approved complaint form, but that the documents were deficient. Specifically, the Court informed Plaintiff that he must submit a complete complaint, including all sections and pages. Furthermore, the Court instructed Plaintiff that his Application to Proceed in District Court Without Prepaying Fees or Costs was deficient because the specific income and expense items listed did not add up to equal the total income and expense. The Court ordered Plaintiff to cure the designated deficiencies within thirty days if he wished to pursue his claims. Further, the Court notified Mr. Chambers that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

Plaintiff has failed to cure the deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance

with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is DENIED. It is

**FURTHER ORDERED** that Plaintiff's pending Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is DENIED as moot.

DATED at Denver, Colorado, this  28th  day of May, 2015.

                BY THE COURT:

                  s/Lewis T. Babcock
                LEWIS T. BABCOCK, Senior Judge
                United States District Court